■ JUAN REVELO, Respondent, v VICTOR WEITHORN, Appellant. [678 NYS2d 356] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated June 20, 1997, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In December 1990 the plaintiff was involved in an accident while making deliveries in a van provided by his employer, Armand Bryl. The plaintiff brought this action against the defendant, Bryl's brother-in-law, whom he claims was the owner of the van, asserting that the van was unsafe and negligently maintained. The defendant, who lives in Florida, moved for summary judgment dismissing the complaint on the ground that, contrary to the allegations in the complaint, he was not the owner of the subject van at the time of the accident.

The Supreme Court properly denied the defendant's motion as he failed to establish entitlement to judgment in his favor as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557). The defendant conceded that he owned the van in 1988, and he did not deny that the license plates on the van at the time of the accident were registered to him. Under the circumstances, we agree with the Supreme Court that the defendant failed to present sufficient proof to support his claim that he sold the vehicle to Bryl two years prior to the accident, and that the certificate of title transferring ownership to Bryl was delivered to the Florida Department of Motor Vehicles prior to the accident.

Since the defendant failed to meet his burden of proof, the motion was properly denied regardless of the sufficiency of the plaintiff's opposing papers (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Accordingly, we need not reach the defendant's contention that the Supreme Court erroneously considered inadmissible hearsay submitted by the plaintiff. Rosenblatt, J. P., O'Brien, Altman and Friedmann, JJ., concur.